IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ADAM LeDEAU, JR., ) | Cause No. CV 06-38-H-DWM-RKS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MIKE MAHONEY; TERRY ) | |
| WILKERSON, Hearings Officer; BILL ) | |
| SLAUGHTER, Department of Corrections; ) | |
| and MYRON BEESON, Deputy Warden, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On February 10, 2006, Plaintiff Adam LeDeau moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. The motion was granted in a separate Order (doc. 4). Plaintiff is a state prisoner proceeding pro se. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

On August 18, 2006, United States Magistrate Judge Carolyn S. Ostby issued an Order directing Plaintiff to supplement his Complaint to "describe exactly what happened at the disciplinary hearing, including what he was permitted to do, say, or present as well as what he was not permitted to do, say, or present." Order (doc. 6) at 4. Plaintiff did so on January 30, 2007.

**I. Plaintiff's Allegations**

Plaintiff asserts that he was found guilty of two disciplinary violations, one on November 3, 2004, for threatening another person and one on September 20, 2005, for disobeying a direct order. He contends that Hearings Officer Terry Wilkerson did not allow him to present his case, that Deputy Warden Myron Beeson upheld Wilkerson's decision, and that then-Department of Corrections Director Bill Slaughter and Warden Mike Mahoney "allow[ed] this to happen." *See* Compl. (doc. 1) at 4, ¶ IV. As a result of the disciplinary violations, Plaintiff avers that he lost his clear conduct record, will be considered a "high risk" inmate for three years, and lost his access to jobs and money he could have earned. He is also being denied court-ordered sex offender treatment, which, he says, will result in the revocation of the suspended portion of his sentence. *Id*. at 5, ¶ V.

In his Supplement, Plaintiff clarifies that he has now been permitted to participate in court-ordered sex offender treatment. *See* Supp. (doc. 13) at 2.

For his relief, Plaintiff seeks an injunction to compel his admission to Phase II of the sex offender treatment program at the Prison and a restoration of his previous custody level; he concedes that this portion of his Complaint is now moot. *See id*. He also asks the Court to "restore any mon[e]tary loss" in the form of "fines" or wages from the loss of job opportunities. *Id*. ¶ VI.

**II. Analysis**

Plaintiff claims a violation of his Fourteenth Amendment right to due process. *See* Compl. at 4, ¶ IV.A. To state a claim for a due process violation, a plaintiff must show (1) that he had a protected liberty interest, and (2) that he was deprived of that interest without adequate due process. If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *Board of*

*Regents v. Roth*, 408 U.S. 564, 569 (1971); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Whether a hardship is "atypical and significant" depends on three factors:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (citing *Sandin*, 515 U.S. at 486-87). *See also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (holding that inmate was not deprived of a liberty interest where he was placed at a higher security level than indicated by calculation under controlling prison regulations).

In Plaintiff's case, the threshold requirement for showing a liberty interest is not met. Plaintiff is serving a five-year sentence for sexual assault. *See* CON Network, http://app.mt.gov/conweb. "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225. Consequently, regardless of the conditions in which Plaintiff finds himself as a result of the disciplinary sanction, the sanction does not affect the sentence in an unexpected manner. The first prong of the *Sandin* test for a liberty interest is not met.

The second prong of the *Sandin* test also is not met. Plaintiff's loss of a clear conduct record,

designation as a "high risk" inmate for three years, and loss of access to jobs and money he could otherwise have earned are neither atypical nor significant restrictions for an inmate in Montana. Initially, Plaintiff might have shown that the result of the disciplinary hearing would necessarily affect the amount of time he spent in prison, because he asserted that "[t]his *will* result in revocation of my suspended sentence." Compl. at 5, ¶ V (emphasis added). Now, however, it is clear that he is permitted to participate in sex offender treatment. Consequently, he cannot show that the disciplinary sanction will inevitably affect the duration of his time in prison.

The Court concludes that Plaintiff cannot show that he was deprived of a liberty interest in the disciplinary hearings of which he complains. Therefore, it is irrelevant whether he received adequate due process protections, because he was not constitutionally entitled to due process. Amendment would be futile. The Complaint should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Amended Complaint (doc. 7) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The docket should reflect that Plaintiff's filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

3. Pursuant to Fed. R. App. P. 24(a)(4)(B), the district court should CERTIFY that any appeal from its disposition would not be taken in good faith.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any

objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[1] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u>

DATED this <u>18th</u> day of June, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5