```
                    FILED
                  MISSOULA, MT

                2007 AUG 1 PM 4 26

                  PATRICK E. DUFFY
               BY_____
                    DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ADAM LeDEAU, JR., ) | CV 06-38-H-DWM-RKS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| WARDEN MIKE MAHONEY; TERRY ) | |
| WILKERSON, hearings officer; BILL ) | |
| SLAUGHTER, Department of ) | |
| Corrections; and MYRON BEESON, ) | |
| Deputy Warden, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff LeDeau, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his Fourteenth Amendment right to due process when he was not allowed to present his case during a hearing before the Montana State Prison Hearings Officer on disciplinary violations. LeDeau alleges that as a result of his inability to state his case, he was found guilty to the violations and suffered consequences including loss of his clear conduct record, an increased inmate risk classification, denial of access to sex offender treatment, and denial of access to employment and earning opportunities in the prison. LeDeau has since conceded that he has been allowed

-1-

to participate in sex offender treatment.

On August 18, 2006, United States Magistrate Judge Carolyn S. Ostby issued an Order instructing LeDeau to supplement his Complaint to "describe exactly what happened at the disciplinary hearing, including what he was permitted to do, say or present as well as what he was not permitted to do, say, or present." Doc. No. 6 at p. 4. LeDeau complied and United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint and supplement as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong concludes that LeDeau has failed to allege the deprivation of a liberty interest as is required to show a due process violation. A prisoner has a protected liberty interest only if his jailers take action that affects the sentence in an unexpected manner or if they impose a hardship that is atypical and significant within the context of prison life. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Judge Strong finds that neither prong has been fulfilled in this case because the disciplinary sanction of denial of job opportunities does not affect the sentence in an unexpected manner. Nor are the sanctions atypical or significant restrictions for a Montana State Prison inmate, Judge Strong concludes. Based on these

findings, Judge Strong recommends dismissal of the Complaint for failure to state a claim upon which relief can be granted.

LeDeau did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's recommendation and adopt it in full.

Accordingly, it is HEREBY ORDERED that the Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. The docket should reflect that LeDeau's filing of this action counts as one strike pursuant to 28 U.S.C. § 1915(g).

Pursuant to Fed. R. App. P. 24(a)(4)(B), the Court certifies that any appeal from this disposition would not be taken in good faith.

DATED this 1st day of August, 2007.

Donald W. Molloy, Chief Judge
United States District Court